AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: *Eastern District* | |
|---|---|---|
| Name (under which you were convicted): <br> *Chancellor Wade* | | Docket or Case No.: |
| Place of Confinement : <br> *Folsom State Prison, P.O. Box 950,* *Folsom, CA 95763* | Prisoner No.: <br> *P25499* | |
| Petitioner (include the name under which you were convicted) <br><br> *Chancellor Wade* | v. | Respondent (authorized person having custody of petitioner) <br> *Rick Hill, Warden,* <br> *CA Court of Appeal, 3rd Dist.* |
| The Attorney General of the State of: | | |

**FILED**

2:22 - CV 0431
**PETITION**          CKD HC

MAR 0 8 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CAL.
BY
DEPUTY CLERK

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *Sacramento Co. Spr. Crt*

    (b) Criminal docket or case number (if you know): *18 FE 019068*

2.  (a) Date of the judgment of conviction (if you know): *February 2019*

    (b) Date of sentencing: *October 2019*

3.  Length of sentence: *indeterminate*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    *1 ct robber, 1 ct. attempted robbery*

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: *CA Court of Appeal, 3rd Dist.*

(b) Docket or case number (if you know): *C090655*

(c) Result: *Affirmed*

(d) Date of result (if you know): *4-23-21*

(e) Citation to the case (if you know):

(f) Grounds raised: *Violation of State and Federal law*

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: *CA Supreme Court*

(2) Docket or case number (if you know): *S 268 936*

(3) Result: *Granted, pending outcome of P. v Branden S 268925*

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     7-14-21

(5) Citation to the case (if you know):

(6) Grounds raised:        Same as item #9

(h) Did you file a petition for certiorari in the United States Supreme Court?        ☐ Yes     ☑ No

   If yes, answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

   concerning this judgment of conviction in any state court?        ☑ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

   (a)      (1) Name of court:      CA Supreme Court

            (2) Docket or case number (if you know):      S 271186

            (3) Date of filing (if you know):      don't remember

            (4) Nature of the proceeding:      Habeas

            (5) Grounds raised:      CA P.C. 745 violation

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes     ☑ No

   (7) Result:      Denied

(8) Date of result (if you know):    *12-1-21*

(b) If you filed any second petition, application, or motion, give the same information:   *N/A*

     (1) Name of court: _____

     (2) Docket or case number (if you know): _____

     (3) Date of filing (if you know): _____

     (4) Nature of the proceeding: _____

     (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

     (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ☐ Yes    ☑ No

     (7) Result: _____

     (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:   *N/A*

     (1) Name of court: _____

     (2) Docket or case number (if you know): _____

     (3) Date of filing (if you know): _____

     (4) Nature of the proceeding: _____

     (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes    ❑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ❑ Yes    ❑ No

(2) Second petition:    ❑ Yes    ❑ No

(3) Third petition:    ❑ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    See Attached

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *When deciding my direct Appeal, the 3rd Dist committed a CA. P.C. 745(a) violation, which creates an independent action by way of Habeas (See CA P.C. 1473(F))*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   *Habeas*

Name and location of the court where the motion or petition was filed:   *CA Supreme Court, 350 McAllister St., San Francisco, CA 94102*

Docket or case number (if you know):   *S271186*

Date of the court's decision:   *12-1-21*

Result (attach a copy of the court's opinion or order, if available):

*Denied; See Attachment #1*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *Pursued issue to the highest state court*

**GROUND TWO:**    *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | | | |
|---|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❑ | Yes | ❑ | No |
| (4) Did you appeal from the denial of your motion or petition? | ❑ | Yes | ❑ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❑ | Yes | ❑ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**    N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**    N/A

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❒ Yes      ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ❒ Yes      ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

_____

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NO _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    CA Supreme Court, Petition For Review, S268936

_____

_____

_____

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:   *Self-Represented*

(a) At preliminary hearing:   Self-Represented

(b) At arraignment and plea:   Self-Represented

(c) At trial:   Self-Represented

(d) At sentencing:   Self-Represented

(e) On appeal:   Atty. Victoria Stafford

(f) In any post-conviction proceeding:   see item (e)

(g) On appeal from any ruling against you in a post-conviction proceeding:   see item (e)

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?   ☐ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A - timely filed

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

*See Attached*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   *3-3—*   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Chancellor Wade-P25499
Folsom State Prison
P.O. Box 950
Folsom, CA 95763

**REQUEST FOR EXPEDITED RULING**

In Propria Persona

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chancellor Wade | Case No. |
|     Petitioner, | PETITION FOR WRIT OF HABEAS CORPUS(28 U.S.C. §2254; REQUEST FOR COURT TO TAKE JUDICIAL NOTICE; **REQUEST FOR EXPEDITED COURT RULING/RELIEF** |
| v | |
| Rick Hill, Warden | |
|     Respondent. | |
| CA Court of Appeal, 3rd Appellate Dist. | |
|     Respondent.   / | |

**Introduction**

Petitioner contends that the CA Supreme Court's erroneous adjudication of state law (i.e. California Racial Justice Act of 2020(CJRA), codified as CA Penal Code § 745) violated Petitioner's Equal Protection Rights of the 14th Amendment and the principle of fundamental fairness inherent in the Due Process Clause of the 14th Amendment. Hence, the State Court's decision is AEDPA unreasonable.

**Background/Procedural History**

Petitioner filed a State Habeas in the CA Supreme Court(S271186) arising out of an error committed on direct appeal by the CA Court of Appeal, 3rd Appellate Dist., which created an independant cause of action pursuant CA P.C. § 1473(f). The CA Supreme Court summarily denied the petition.(See Attachment #1).

Specifically, the independent cause of action pursuant to P.C. § 1473(f) that was created

1

relate to the CA Court of Appeal, 3rd Appellate Dist. CA P.C. § 745 (a) violation.
Respondent Court reversed the conviction and sentence of a white defendant, but affirmed
the conviction and sentence of Petitioner, whom is black, though the factual and legal
posture of both similarly situated. The white defendant is People v Curry (2021) 62 Cal.
App. 5th 314). Mr. Curry's case was decided on March 2, 2021, and Petitioner's on 4-23-21.



He robbed a Tacoma bank to get his abducted 7-year-old home. Now he's been sentenced.

David Henry Curry says he robbed a bank in Tacoma to fund his efforts to recover his daughter who has been abducted to Indonesia. He asked Judge Edmund Murphy for leniency in sentencing. BY PETER HALEY



Similar Case Factors

- Robbery conviction by jury trial
- Filed Mental Health Diversion Application After Jury Verdict
- Trial Court Denied Application As untimely
- Raised claim on appeal
- **Appeal Court denied (yours truly) Wade's Claim on 4-23-21**

Similar Case Factors

- Robbery conviction by jury trial
- Filed Mental Health Diversion Application After Jury Verdict
- Trial Court Denied Application As untimely
- Raised claim on appeal
- **Appeal Court grant's Curry's Claim on 3-2-21**

2

It is noteworthy to mention that, on June 1, 2021, Respondent Court did it again with its

ruling in People v Joel Douglas Martin, LEXIS 3606,at pg. 8. Mr. Martin is white and

Petitioner is black, and though like in the "Curry" matter, the factual and legal posture

of Mr. Marting and Petitioner's claim raised to Respondent Court was similarly situated for

equal protection purposes. There is only one distinguishable feature as illustrated below.




This pattern of invidious and disparate discrimination demonstrated by Respondent Court, as

briefed above, violates Equal Protection and Fundamental Fairness of the 14th Amendment.

Therefore, the claim is cognizable on federal habeas, for the CA Supreme Court's decision is

AEDPA unreasonable.

## Anti-Terrorism Effective Death Penalty Act(AEDPA)

The statutory authority to issue habeas corpus relief for persons in state custody is defined

by 28 U.S.C. 2254 (d): An application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication

of the claim- 1. resulted in a decision that was contrary to, or involved an unreasonable

application of clearly established Federal law, as determined by the Supreme Court of the

United States, or 2. resulted in a decision that was based on an unreasonable determination

3

of the facts in light of the evidence presented in the State court proceeding.

## Last Reasoned State Court Decision

When a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. Harrington v Richter (2011) 131 S. Ct. 770, 784)

A habeas court must determine what arguments or theories..... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurist could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. (Id, at 786)

Here, the CA Supreme Court's summary denial is unaccompanied by a reasoned explanation. In any event, there is no rational basis for the CA Supreme Court to deny relief as will be articulated below.

## California Racial Justice Act of 2020(CRJA), AB 2542

Effective January 1, 2021 was the newly enacted California Racial Justice Act of 2020, AB 2542 codified as California Penal Code 745 and 1473 (f).
The CRJA adds P.C. 745(a), which prohibits the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. It renders such conviction legally invalid and requires convictions and/or sentences obtained in violation of statute to be vacated.

A person either convicted or sentenced in violation of the statute may challenge by showing, by a preponderance of the evidence that, among other enumerated criteria: 1. The judge.... exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin; 2. A longer or more severe sentence was imposed on the defendant than was imposed on other similar situated individuals of other races, ethnicity, or national origins.

4

## I. State Court Violation of Petitioner's Federal Equal Protection Right Is AEDPA Unreasonable

### A. Standard of Review

A state court determination on state law is cognizable under federal habeas review if it impermissibly violates equal protection.(Estelle v McGuire (1991) 502 US 62,67-68) Petitioner contends that Respondent Court violation of CA P.C. § 745 (a) impermissibly violates the equal protection clause of the 14th Amendment.

The Equal Protection Clause of the Fourteenth Amendment commands that not State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike(City of Cleburne v Cleburne Living Center (1985) 473 US 432, 439; McLean v Crabtree (9th Cir. 1999) 173 F.3d 1176,1185; Peace and Freedom v Bowen (E.D, Cal., 2012) 912 F. Supp.2d 905,910)

In the context of a habeas ruling that to establish an equal protection claim, a prisoner must demonstrate that: 1. He is similarly situated to other prisoners receive more favorable treatment; and 2. That the State engaged invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. (McQueary v Blodgett(9th Cir. 1991) 924 F.2d 829, 835)

The first inquiry for an equal protection claim is whether the equal protection violation is to be analyzed through the prism of "strict scrutiny" or "rational basis"(Ball v Massanari (9th Cir.2001) 254 F.3d 817,823-824)

When, as in the present case, the challenged governmental action that discriminates on the basis of a suspect classification as race....., the heightened level of analysis of strict scrutiny applies.(Id)

### B. Analysis

#### 1. Other Similarly Situated Prisoner Received More Favorable Treatment

As briefed earlier in this petition, Petitioner was/is similarly situated to Defendants

5

David Henry Curry and Joel Douglas Martin. Both of those defendants are white.
Petitioner, whom is black, and Defendants Curry and Martin are similarly situated for
equal protection purpose in the following manner: a.) All three were convicted in trial
court; b.) After conviction, all three filed in the trial court, a mental health diversion
application pursuant to P.C. 1001.36; c.) The trial court denied each application as
untimely filed and accordingly sentenced all three to state prison; d.) All three filed
briefs in the CA Court of Appeals, Third Appellate District claiming the trial court
committed error when it denied their mental health diversion application as untimely;
e.) Respondent Court granted Curry's and Martin's claim and reversed their conviction but
denied Petitioner's claim. Clearly, though similarly situated to Petitioner, Respondent
Court gave Curry and Martin more favorable treatment.

## 2. State Engaged In Invidious Discrimation and Disparate Treatment:

The government bears the burden of proving the classification or disparate treatment was
narrowly tailired to serve a compelling government interest.(Johnson v CA (2005) 543 US
499, 505) Race and ethnicity are suspect classes that trigger strict scrutiny.(Wolff v
McDonnell (1974) 418 US 539, 556)

## Proof of Discrminatoryy Intent

Petitioner has alleged herein that Respondents acted with an intent or purpose to discriminate
against him based on race when Respondent Court gave a more favorable ruling(ie, reversal
of conviction and sentence) of (2) two white defendants whom were similarly situated in all
material aspects for equal protection purposes.

".....discriminatory intent can sometimes be inferred by mere fact of different treatment."
(Sischo-Nownejad v Merced Community College Dist. (9th Cir. 1991) 934 F.2d 1104, 1112).
Discriminatory intent may be proved by direct or indirect evidence.(Arlington Heights v
Metropolitan Housing Dev. (1977) 429 US 252,260)

Here, we have an unmistakeable pattern of conduct by Respondent Court as evidence of
discriminatory intent. We have two white defendants whom raised the same legal claim on the
same factual basis as Petitioner on appeal in Respondent Court.

All three defendants, including Petitioner, received a ruling from Respondent Court within a month or two of one another, with Petitioner receiving the only unfavorable ruling of the three.

But, for the sake of argument, let's say Respondent may contend, unreasonably Petitioner adds, that identifying two cases(Curry and Martin) is insufficient to form a pattern, the Village of Arlington Heights Supreme Court case states that Respondent Court's discriminatory purpose may be demonstrated by such factors as: Discriminatory impact and/or sequence of events leading up to the challenged decision.(Id, at p.260)

a.) Discriminatory Impact

"The impact of the official action- whether it bears more heavily on race than another- may provide an important starting point. Sometimes, unexplainable on grounds other than race, emerges from the effect of the state action...."(Gomillion v Lightfoot (1960) 364 US 339; Freeman v Arpaio (9th Cir. 1997) 125 F.3d 732,737)

In the present case, the discriminatory impact was enormous, nothwithstanding the fact the two white defendants received reversal and Petitioner did not. The discriminatory impact effected Petitioner mentally and emotionally. Specifically, reflecting on the totality of the circumstances, Petitioner begin to second-guess his self-worth and whether he indeed was/ is being treated like a bona fide citizen of this country and of the State of California entitled to the equal protection of the law.

Additionally, Respondent Court's disparate treatment erodes public trust and confidence in the fairness and integrity of society's institutions, which includes the criminal justice system. This is a significant discriminatory impact.

b.) Sequence of Events Leading Up To The Challenged Decision

Respondent Court made three sequential court rulings relating to similar factual and legal posture over a very brief spanned of time: The Curry decision was made 3-2-21; Petitioner's decision was made 4-23-21; and the Martin decision was made 6-1-21.

7

All three cases raised the same legal claim. In People v Curry and People v Martin, both white defendants, Respondant Court answered the legal question raised with a resounding yes and granted their reversals. However, in People v Wade (Petitioner), Respondent Court answered the same legal question raised with a resounding no by denying the claim.

Here, the State can not reasonably point to any evidence that the invidious or disparate treatment is rationally related to a ldgitimate state interest.(City of Cleburne, 473 US at p.440)

Hence, Respondent Court's decision is a violation of the 14th Amendment's Equal Protection Clause and is AEDPA unreasonable.

## II. The State Court's Violation of the California Racial Justice Act(CRJA) Undermines Fundamental Fairness Inherent in the 14th Amendment Due Process Clause

### A. Standard of Review

Where a due process violation stems from violation of state law, federal courts review such alleged due process violation for whether.....it so infected the entire trial that the resulting conviction violates due process.(Estelle v McGuire (1991) 502 US 62, 72)

The underlying plrinciple is that, while not all constitutional errors are sufficient to entitle the petitioner to a remedy errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify issuance of the federal writ.(Williams v Taylor (2000) 529 US 362,375; Dowling v U.S. (1990) 493 342)

### B. Analysis

Federal courts may grant habeas relief of a perceived state law error if it is so egregious as to amount to a violation of the Due Process Clause of 14th Amendment.(Estelle, at 73)

Petitioner can not think of anything more egregious and so fundamentally unfair than a state appeal proceeding, where Petitioner's fundamental and constitutional right to a fair trial at the trial court level is to be sifted for errors by a neutral, unbias, and non-politically motivated justices, becomes tainted by implicit or explicit racial bias. To get a clearer

8

picture of how egregious Respondent's P.C. 745 violation is, it is prudent that we consider the Legislature's intent when enacting AB 2542.

### Intent of CA Legislature

Section 2 of AB 2542(hereinafter referred to as the "ACT", succinctly and explictly details the intent of the ACT was to "expose and provide a quick remedy to discriminatory racial bias in California criminal justice system committed by judges, prosecuting attorneys, attorneys for the defendant, jurors, and/or expert witness.

Sec. (2)(g) of the ACT states in relevant part: ".....This Legislature has acknowledged that all persons possess implicit biases, that these biases impact the criminal justice system, and that negative implicit biases tend to disfavor people of color...."

In California in 2020, we can no longer accept racial discrimination and racial disparaties as inveitable in our criminal justice system and we must act to make clear that this discrimination and these disparaties are illegal and will not be tolerated in California, both prospectively and retroactively.

Sec. (2)(h) of the ACT states in relevant part: "There is growing awareness that no degree or amount of racial bias is tolerable in a fair and just criminal justice system, that racial bias is often insidious, and that purposeful discrimination is often masked and racial animus disguised....."

Sec. (2)(i) of the ACT states in relevant part: "It is the intent o;f the Legislature to eliminate racial bias from California's criminal justice system because racism in any form or any amount, at any stage of a criminal trial, is intolerable, inimical to a fair criminal justice system....."

### Summary

We must all determine whether the actions complained of.....violates those fundamental conceptions of justice which lie at the base of our civil, legal, and political institutions

9

(U.S. v Lovasco (1977) 431 US 783, 790; Mooney v Holohan (1935) 294 US 103, 112, and which define the community's sense of fair play and decency.(Rochin v CA (1952) 342 US 165,173

Wherefore Petitioner Request:

1. That the writ be granted.

2. That the matter be remanded back to the CA Supreme Court with direction to issue an order to show cause.

I declare under the penalty of perjury the above mentioned is true and correct to the best of my knowledge.

Date:                                                   _____

                                                        Chancellor Wade

## III. Request That Court Take Judicial Notice

Pursuant to applicable Federal Rule/Code, Petitioner request that this Court take judicial notice of the following:

The CA Court of Appeal, 3rd Appellate District's opinions related to the case, factual, procedural, and legal posture similarities pertaining to the Mental Health Diversion Claim advanced in the following cases: 1. People v Curry (2021) 62 Cal. App. 5th 314; 2. People v Wade (C090655, (2021)); 3. People v Martin (2021) LEXIS 3606

## IV. Request For Expedited Court Ruling/Relief

Petitioner contracted COVID-19 in August of 2020, which he is currently suffering long hauler symptoms. Additionally, Petitioner suffers from many high risk medical conditions making him more vulnerable to worst health outcome.(Attachment #2)  With the high likelihood that other, even potentially more dangerous, variants will emerge and the fact that Petitioner resides in a high risk environment(prison is a congregate setting), Petitioner request that this Court expedite or otherwise shorten briefing scheduling time frames.

Date:                                                   _____

                                                        Chancellor Wade

Attachment #1

SUPREME COURT
FILED

DEC – 1 2021

Jorge Navarrete Clerk

Deputy

S271186

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re CHANCELLOR WADE on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

CANTIL-SAKAUYE

*Chief Justice*

Attachment #2



CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

Folsom State Prison
300 Prison Road
Represa, CA 95671-

| | | | |
|---|---|---|---|
| **Patient:** | **WADE, CHANCELLOR LENARD** | | |
| DOB/Age/Sex: | 10/14/1970  51 years    Male | CDCR #: | P25499 |
| Encounter Date: | 3/12/2020 | PID #: | 11859318 |
| Attending: | Penmetcha,Vinay P&S | Referring: | |

---

## *Progress Notes*

Document Type:                    Outpatient Progress Note
Document Subject:                 Progress/SOAP Note
Service Date/Time:                10/26/2021 22:25 PDT
Result Status:                    Auth (Verified)
Perform Information:              Penmetcha,Vinay P&S (10/26/2021 22:25 PDT)
Sign Information:                 Penmetcha,Vinay P&S (10/27/2021 21:54 PDT)
Authentication Information:       Penmetcha,Vinay P&S (10/27/2021 21:54 PDT); Penmetcha,
                                  Vinay P&S (10/27/2021 21:54 PDT)

**Subjective**
Mr. Wade is seen today for 7362 request to be seen regarding his blood test, vitamin D deficiency and urinary complaints.

7362 reviewed.

Follow-up patient reports that he is doing better.  He does report urinary frequency complaints.

He notes no burning or pressure in the bladder/suprapubic area.  He has increased urination all day long.  There is no difficulty reported with initiating or maintaining stream.  He does have nocturia of 2-3 times per night.
Additional history reveals that he drinks 1 cup of coffee in the morning.  He drinks a lot of Kool-Aid.  He does not drink a whole lot of water in general especially after 6 PM.  He sleeps between 9 and 10 PM.  He has no other urinary symptoms.  This is been going on for about a month.

We discussed possibility of a new enlarging prostate.  He is 51 years of age.  Recommend UA, PSA and DRE.  At this time he would proceed with a UA and PSA.  He declines DRE today but will think this over.  He understands the importance of a DRE to assess size, shape of the prostate.

He is requesting vitamin D supplementation as he was read that it is found to help with Covid.  He is also requesting an ANA titer, which I recommended not be repeated due to its stability.  Nonetheless he would desire another draw, I have ordered it.

He will be seen by rheumatology soon and I will see him after that for an OTM visit.  He also has a CCP visit in the second week of November.  We will bundle those appointments.


In the meantime, check labs and follow-up.

Reports well-tolerated medications at this time.  No other complaints reported.
  **Review of Systems**
Continue brain fog and some memory difficulties.  Starting is stable.
**Objective**
  **Vitals & Measurements**
  **T:** 36.8  °C  (Oral)  **HR:** 60 (Peripheral)  **RR:** 15  **BP:** 113/74  **SpO2:** 99%  **WT:** 107.8 kg  **WT:** 107.8 kg (Wt dosing)

---

Report Request ID:   48018449                                    Print Date/Time:   11/1/2021 13:50 PDT

**WARNING:** **This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.**

Patient:      **WADE, CHANCELLOR LENARD**
DOB/Age/Sex: 10/14/1970 / 51 years      / Male              CDCR: P25499

---

## *Progress Notes*

Physical Exam
No examination performed. Patient appears generally well. In good spirits.

Speaks fairly clearly. Occasional stuttering.

Able to maintain focus and train of thought.

Lab Results
Reviewed and ordered.

**Assessment/Plan**
2. Autoimmune disease
Continue to monitor. Labs reviewed and discussed with patient. Still slightly elevated CRP and ESR. Much improved although generally speaking.

Follow-up with rheumatology and then see me for OTM visit after that. We will see there is any new recommendations.
3. Inflammatory arthritis
As above.
4. ANA positive
As above. Patient is requesting another ANA test. I explained that the only positivity does not change generally speaking but he insists. I ordered a lab draw at his request.
5. COVID-19
Status post COVID-19 with some long hauler symptoms.

Seen by neuro. At this time there is no follow-up.

A follow-up was recommended but I discussed with him.
He would like to hold off as he understands the testing has revealed no findings and neurology will not be recommending anything new or different for his long hauler symptoms.

He will let me know if he is ready to see the neurologist again.
6. Brain fog
As above.
Need for vaccination
Continues to decline Covid vaccine.
Vaccination refused by patient
As noted,

All questions answered today. Orders written for patient's request.
Orders:
Follow Up MA 10
Patient was also advised to submit a CDCR 7362 or contact medical if any new clinical concerns arise that need attention sooner than his next scheduled follow-up visit.
Conversation and communication was in normal tones. No perceived barriers to effective communication. Patient indicated understanding through repetition of words and appropriate answers to questions posed.

This note was prepared using Dragon Dictation software. Unintentional errors may have escaped proofreading.

**Encounter Info:** Patient Name: CHANCELLOR WADE,DOB: 10/14/1970,CDCR: P25499,FIN: 10000001811859318P25499,Facility: FOL,Encounter Type: Institutional Encounter

---

Report Request ID:   48018449                              Print Date/Time:   11/1/2021 13:50 PDT

__WARNING:__ **This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.**

Patient:        **WADE, CHANCELLOR LENARD**
DOB/Age/Sex:   10/14/1970 / 51 years     / Male                CDCR: P25499

---

## *Assessment Forms*

---

Diagnoses(Active)

| | |
|---|---|
| ANA positive | Date:  6/23/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  ANA positive ; Classification:  Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  R76.8 |
| Anxiety | Date:  8/10/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Anxiety ; Classification:  Mental Health ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  F43.1 |
| Asthma | Date:  7/11/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Asthma ; Classification:  Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  J45.909 |
| Autoimmune disease | Date:  7/11/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Autoimmune disease ; Classification: Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  M35.9 |
| Brain fog | Date:  6/21/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Brain fog ; Classification:  Nursing ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  F48.8 |
| COVID-19 | Date:  7/11/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  COVID-19 ; Classification:  Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  U07.1 |
| Hyperlipidemia | Date:  7/11/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Hyperlipidemia ; Classification: Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  E78.5 |
| Inflammatory arthritis | Date:  7/11/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Inflammatory arthritis ; Classification: Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  M19.90 |
| Mild persistent asthma | Date:  7/11/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Mild persistent asthma ; Classification: Medical ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  J45.30 |
| Need for vaccination | Date:  7/15/2021 ; Diagnosis Type:  Discharge ; Confirmation: Confirmed ; Clinical Dx:  Need for vaccination ; Classification: Nursing ; Clinical Service:  Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis Code:  Z23 |
| Post-traumatic stress disorder (PTSD) | Date:  8/10/2021 ; Diagnosis Type:  Principal ; Confirmation: Confirmed ; Clinical Dx:  Post-traumatic stress disorder (PTSD) ; Classification:  Mental Health ; Clinical Service: Non-Specified ; Code:  ICD-10-CM ; Probability:  0 ; Diagnosis |

---

Report Request ID:    48018450                          Print Date/Time:   11/1/2021 13:50 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

## PROOF OF SERVICE BY MAIL

I, _Chancellor Wade_____, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: _P25499_____.

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, CA  95763.**

ON ___3 -3 -_____, 20_22_ I SERVED A COPY OF THE FOLLOWING DOCUMENT:
Petition For Writ of Habeas Corpus

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS INTO A SEALED ENVELOPE WITH POSTAGE FULLY PAID, INTO THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA, CALIFORNIA, AND ADDRESSED AS FOLLOWS:

US District Court
Eastern District of CA
501 "I" Street
Sacramento, CA 95814

CA Attorney's General
1300 "I" Street, Ste. 125
Sacramento, CA 95814

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED __3 - 3 -_____, 20_22_, AT REPRESA, CALIFORNIA.

Chancel
Signature