UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCELLOR WADE, | No. 2:22-cv-0431 TLN CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICK HILL, | |
| Respondent. | |

    Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss.

    Petitioner is serving a sentence of 31-years-to-life following convictions in the Sacramento County Superior Court for robbery and attempted robbery. ECF No. 14-1 at 2-3. On direct appeal, counsel for petitioner filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (Cal. 1979) asking the Third Appellate District to review the record and determine whether there were any arguable issues. Id. at 1. Finding "no arguable error that would result in a disposition more favorable to defendant" the Third Appellate District affirmed petitioner's convictions and sentences on April 23, 2021. Id.

    Petitioner sought review in the California Supreme Court on May 25, 2021. ECF no. 14-2. On July 21, 2021, the California Supreme Court granted review and "deferred pending consideration and disposition of a related issue in People v. Braden, S26892 . . . or

pending further order of the court." ECF No. 14-3.  A review of the docket in Braden reveals that the California Supreme Court has not rendered a decision in that case yet and no further action has been taken in petitioner's case.[1]

Respondent asserts the court must abstain from hearing petitioner's habeas claims pursuant to the Younger doctrine.  In Younger v. Harris, 401 U.S. 37, 45-46 (1971), the Supreme Court held that federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case.  Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

A Younger abstention is appropriate if state proceedings are ongoing at the time the federal action is commenced.  Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987).

Here, petitioner commenced this action on March 8, 2022, and state court proceedings with respect to petitioner's conviction and sentence have not concluded.  After reviewing petitioner's pending habeas petition and the opposition to respondent's motion to dismiss, the court finds there are no extraordinary circumstances which permit the court to proceed with this action and not abstain under Younger.

---

[1] Petitioner has filed other actions in California courts concerning his convictions, but they are not material to resolution of respondent's motion to dismiss.

Petitioner argues this court should not abstain under <u>Younger</u> as the issue still pending in the California Supreme Court is not presented in the petition for writ of habeas corpus filed here and petitioner has exhausted state court remedies with respect to the claims presented here as he is required to do under 28 U.S.C. § 2254(b)(1). However, in <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983), the Ninth Circuit specifically held that state court remedies cannot be exhausted until judgment is final "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."

For the forgoing reasons, this court must abstain from reviewing petitioner's petition for writ of habeas corpus pursuant to <u>Younger</u>. Therefore, the court will recommend that respondent's motion to dismiss be granted and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated:  December 9, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wade0431.mtd